UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

DALTON COOK,

    Plaintiff,

v.                                            Civil Action No.: 3:21-cv-00174

METAL PARTNERS REBAR, LLC,
d/b/a "Metal Partners International,"
BRG HOLDING, LLC, d/b/a "Trinity
Rebar," J&R HOLDING, LLC, d/b/a
"Trinity Rebar," TRINITY REBAR
AND CONCRETE SUPPLIES, LLC,
d/b/a "Trinity Promotions," GLENN
JEFFRIES, and JAMES R. REED,

    Defendants.

## COMPLAINT

**COMES NOW** Plaintiff Dalton Cook, by counsel, Robert H. Miller, II, and The Sutter Law Firm, PLLC, and for the Plaintiff's Complaint against the above-named Defendants Metal Partners Rebar, LLC, doing business as "Metal Partners International," BRG Holding. LLC, doing business as "Trinity Rebar," J&R Holding, LLC, doing business as "Trinity Rebar," Trinity Rebar and Concrete Supplies, LLC, doing business as "Trinity Promotions," Glenn Jeffries, and James R. Reed, states and alleges as follows:

### Parties

1.     At all relevant times, Plaintiff Dalton Cook resided and was domiciled in Kanawha County, West Virginia. The Plaintiff currently resides and is domiciled in Kanawha County, West Virginia.

2.     At all relevant times, Defendant Metal Partners Rebar, LLC, ("Metal Partners") was

1

an Illinois corporation licensed to conduct business in West Virginia.

3. At all relevant times, Metal Partners conducted business as "Metal Partners International," at its plant located in Winfield, Putnam County, West Virginia.

4. At all relevant times, Metal Partners' business included the preparation and sale of rebar material, steel pipe, tubing, and steel wire. (Hereinafter, Defendant Metal Partners will sometimes be referred to as the "Defendants" collectively with Defendants BRG Holding, LLC, J&R Holding, LLC, Trinity Rebar and Concrete Supplies, Inc., Glenn Jeffries, and James R. Reed.

5. At all relevant times, Defendant BRG Holding, LLC, ("BRG") was a West Virginia corporation licensed to conduct business in West Virginia.

6. At all relevant times, BRG conducted business as "Trinity Rebar" at its plant located in Winfield, Putnam County, West Virginia.

7. At all relevant times, BRG's business included the preparation and sale of rebar material, steel pipe, tubing, and steel wire. (Hereinafter, Defendant BRG will sometimes be referred to as the "Defendants" collectively with Defendants Metal Partners, J&R Holding, LLC, Trinity Rebar and Concrete Supplies, Inc., Glenn Jeffries, and James R. Reed.)

8. At all relevant times, Defendant J&R Holding, LLC, ("J&R") was a West Virginia corporation licensed to conduct business in West Virginia.

9. At all relevant times, J&R conducted business as "Trinity Rebar" at its plant located in Winfield, Putnam County, West Virginia.

10. At all relevant times, J&R's business included the preparation and sale of rebar material, steel pipe, tubing, and steel wire. (Hereinafter, Defendant J&R will sometimes be referred to as the "Defendants" collectively with Defendants Metal Partners, BRG, Trinity Rebar and Concrete Supplies, Inc., Glenn Jeffries, and James R. Reed.)

11. At all relevant times, Defendant Trinity Rebar and Concrete Supplies, LLC ("Trinity Rebar and Concrete"), was a West Virginia corporation licensed to conduct business in West Virginia.

12. At all relevant times, Trinity Rebar and Concrete conducted business as "Trinity Promotions" at its plant located in Winfield, Putnam County, West Virginia.

13. At all relevant times, Trinity Rebar's business included the preparation and sale of rebar material, steel pipe, tubing, and steel wire. (Hereinafter, Defendant Trinity Rebar and Concrete will sometimes be referred to as the "Defendants" collectively with Defendants Metal Partners, BRG, J&R, Glenn Jeffries, and James R. Reed.)

14. At all relevant times, Plaintiff Dalton Cook was an employee of Metal Partners, BRG, J&R, and Trinity Rebar and Concrete.

15. At all relevant times, Defendant Glenn Jeffries was a Managing Member of J&R, doing business as "Trinity Rebar." At all relevant times, Glenn Jeffries was a supervisor of Plaintiff Dalton Cook.

16. At all relevant times, Defendant James R. Reed was a Managing Member of J&R, and Trinity Rebar and Concrete, doing business as "Trinity Rebar." At all relevant times, James R. Reed was a supervisor of Plaintiff Dalton Cook. Defendant James R. Reed is also known as "Jamie Reed."

## Jurisdiction and Venue

17. Pursuant to *West Virginia Code* § 51-2-2, this is an action for damages in excess of the jurisdictional limits of this Court.

18. The incidents and circumstances that form the basis for this civil action occurred in Putnam County, West Virginia.

19. This Court has jurisdiction over this action. Venue is also proper in this Court.

## Facts

20. The Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if set forth *verbatim* herein.

21. On March 25, 2019, the Plaintiff was employed by the Defendants. On March 25, 2019, the Plaintiff was working in the Defendants' plant located in Winfield, Putnam County, West Virginia.

22. On March 25, 2019, the Plaintiff was operating a rebar bending machine.

23. The Plaintiff had never received any training or instruction concerning the proper and safe use of the machine. The day of March 25, 2019, was only the second time that the Plaintiff had been required to operate the rebar bending machine.

24. At all relevant times, the Defendants were subject to all commonly accepted safety and similar standards applicable to their industry, which included properly maintaining the rebar bending machine that Dalton Cook was operating on March 25, 2019.

25. However, the Defendants failed to properly maintain the rebar bending machine that the Plaintiff was operating on March 25, 2019. The Defendants' failures included, but are not necessarily limited to, the failure to have in place all protective shields and/or guards in order to minimize the chance that the Defendants' employees, including the Plaintiff, would be injured while operating the rebar bending machine.

26. At all relevant times, commonly accepted safety and similar standards applicable to the Defendants also included ensuring that all of the Defendants' employees were properly trained before being assigned to work on the Defendants' equipment and machines. Pursuant to these standards, the Defendants had a duty to ensure that the Plaintiff was properly trained before

requiring him to operate the rebar bending machine he was ordered to use on March 25, 2019.

27. On March 25, 2019, while operating a rebar bending machine, the Plaintiff's left hand was crushed when it went through the machine. Consequently, the Plaintiff's left hand, and several fingers on his left hand, were severely injured.

28. The Defendants' failure to properly maintain the rebar bending machine that the Plaintiff was operating on March 25, 2019, in a safe condition is a direct and proximate cause of the Plaintiff's injuries and damages.

29. The Defendants' failure to properly train the Plaintiff concerning the safe operation of the rebar bending machine that the Plaintiff was operating on March 25, 2019, is also a direct and proximate cause of the Plaintiff's injuries and damages.

30. At all relevant times, the Defendants' failures exposed Plaintiff Dalton Cook to a hazardous condition in contravention of specific and commonly accepted safety standards applicable to the Defendants' industry, and therefore, to the Defendants.

## Deliberate Intent

31. The Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if set forth *verbatim* herein.

32. On or about March 25, 2019, the Defendants violated the provisions of *West Virginia Code* § 23-4-2(d)(2). On that day, the Defendants, with actual knowledge of the existence of the specific unsafe working condition, and with actual knowledge that the Plaintiff had not been trained concerning the proper and safe operation of the rebar bending machine, intentionally required the Plaintiff to operate the machine.

33. The safety standards at issue are consensus written rules or standards promulgated by the industry or business of the Defendants.

34. These rules or standards required that employees of the Defendants, including Plaintiff Dalton Cook, be properly trained concerning the safe operation or the Defendants' rebar bending machines.

35. These rules or standards also required the Defendants to ensure that all of their equipment, including the rebar bending machine operated by the Plaintiff, were properly safeguarded.

36. Chad E. Jones, P.E., CMSE, CFEI, has opined that the Defendants violated the rules and/or standards identified above in paragraphs 33, 34, and 35 of this *Complaint*. Mr. Jones' verified statement is attached to this *Complaint* and incorporated herein by reference.

37. On or about March 25, 2019, the Defendant violated *West Virginia Code* § 23-4-2(d)(2), in that:

    a. A specific unsafe working condition existed in the workplace, which presented a high degree of risk and a strong probability of serious injury or death;

    b. The Defendants, prior to the Plaintiff's injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

    c. The specific unsafe working condition relates to a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly-accepted and well-known safety standard within the industry or business of the Defendants. The safety standard at issue is a consensus written rule or standard promulgated by the industry or business of the Defendants.

    d. The specific unsafe working condition also relates to a violation of a state or federal statute, rule, or regulation that is specifically applicable to the work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions. The state or federal safety statue, rule or regulation is intended to address the specific hazard presented by the specific unsafe working condition involved in this case.

6

e. Notwithstanding the existence of the facts set forth in subparagraphs (a) through (d) above, inclusive, of this paragraph, the Defendants, nevertheless intentionally thereafter exposed their employee, Plaintiff Dalton Cook, to the specific unsafe working condition; and,

f. Plaintiff Dalton Cook has suffered serious compensable injuries as defined in section one, article four, chapter twenty-three of the *West Virginia Code*, as a direct and proximate result of the specific unsafe working condition described above in this *Complaint*.

38. On or about March 25, 2019, the Defendants violated *West Virginia Code* § 23-4-2(d)(2), in that they consciously, subjectively, and deliberately formed the intention to produce the specific result of the injuries suffered by the Plaintiff.

39. The Defendants are liable to the Plaintiff for all damages proximately caused by the Defendants' violations of *West Virginia Code* § 23-4-2(d)(2).

## Negligence (Alternatively)

40. The Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if set forth *verbatim* herein.

41. The Defendants owed a duty to Plaintiff Dalton Cook to provide him with a reasonably safe work place.

42. The Defendants breached the duty owed to Plaintiff Dalton Cook by failing to provide him with a reasonably safe workplace.

43. The breach of duty and failure on the part of the Defendants constitutes negligence, gross negligence, and negligence *per se*.

44. The Defendants were otherwise negligent.

45. The Defendants are liable to the Plaintiff for all damages proximately caused by the Defendants' negligence.

## Intentional Infliction of Emotional Distress (Alternatively)

46. The Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if set forth *verbatim* herein.

47. The Defendants' conduct described herein was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

48. The Defendants acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain that emotional distress would result from its conduct.

49. The Defendants' actions and conduct have caused the Plaintiff to suffer emotional distress.

50. The emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

51. The Defendants are liable to the Plaintiff for all damages proximately caused by the Defendants' intentional infliction of emotional distress.

## Damages

52. The Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if set forth *verbatim* herein.

53. As a direct and proximate result of the Defendants' unlawful and wrongful actions and conduct described herein, the Plaintiff has sustained severe injuries.

54. As a direct and proximate result of the Defendants' unlawful and wrongful actions and conduct described herein, the Plaintiff has suffered pain, physical impairment and disability, emotional distress, anxiety, annoyance, inconvenience, and the loss of the ability to enjoy life in the past.

55. As a direct and proximate result of the Defendants' unlawful and wrongful actions and conduct described herein, the Plaintiff will continue to suffer pain, physical impairment and disability, emotional distress, anxiety, annoyance, inconvenience, and the loss of the ability to enjoy life in the future.

56. As a direct and proximate result of the Defendants' unlawful and wrongful actions and conduct described herein, the Plaintiff has incurred medical costs and related expenses in the past.

57. As a direct and proximate result of the Defendants' unlawful and wrongful actions and conduct described herein, the Plaintiff will incur medical costs and expenses in the future.

58. As a direct and proximate result of the Defendants' unlawful and wrongful actions and conduct described herein, the Plaintiff has lost wages and benefits in the past.

59. As a direct and proximate result of the Defendants' unlawful and wrongful actions and conduct described herein, the Plaintiff will continue to suffer from lost earning capacity and lost benefits in the future.

60. As a direct and proximate result of the Defendants' unlawful and wrongful actions and conduct described herein, the Plaintiff has been otherwise injured.

61. Some of the injuries suffered by the Plaintiff as a direct and proximate result of the Defendants' unlawful and wrongful actions and conduct are severe and permanent.

62. The Defendants are liable to the Plaintiff for all damages proximately caused by the wrongful and unlawful acts and conduct of the Defendant described herein.

## Source of Recovery

63. The Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if set forth *verbatim* herein.

64. On June 16, 2020, Defendants Metal Partners and BRG filed for bankruptcy protection in the District of Nevada.

65. On March 2, 2021, the Honorable August B. Landis, United States Bankruptcy Judge, entered an *Order on Stipulation*. This order lifted the automatic stay pursuant to 11 *United State Code* § 362 to the extent necessary to proceed to determine the liability of Metal Partners and BRG, and for the recovery of such amounts as are payable from any applicable insurance policies.

66. Therefore, as to Defendants Metal Partners and BRG, the Plaintiff seeks recovery only from all applicable insurance policies that provide coverage for the actions and the failures to act described in this Complaint.

## Prayer for Relief

WHEREFORE, Plaintiff Dalton Cook prays for judgment against Defendants Metal Partners Rebar, LLC, BRG Holding, LLC, J&R Holding, LLC, Trinity Rebar and Concrete Supplies, LLC, Glenn Jeffries, and James R. Reed, both jointly and severally, in an amount that will fully compensate the Plaintiff for all of his injuries and damages proximately caused by the Defendants' unlawful and wrongful actions and conduct, including, but not limited to, the following;

- a. Past and future pain and suffering, emotional distress, anxiety, annoyance, inconvenience, and loss of the ability to enjoy life;

- b. Past and future physical impairments and disabilities;

- c. Past lost wages and benefits, and the loss of earning capacity and benefits in the future;

- d. Medical care costs and related expenses incurred by the Plaintiff in the past;

- e. Medical care costs and related expenses that the Plaintiff will incur in the future;

    f.    The costs of pursuing this action, including but not limited to, attorney fees;

    g.    Pre-judgment and post-judgment interest, as may be allowed by law;

    h.    All other damages proximately caused by the Defendant's unlawful and wrongful actions and conduct; and,

    i.    Any and all other relief in the Plaintiff's favor deemed just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                        **DALTON COOK, Plaintiff,**

                                        **By Counsel.**

/s/ Robert H. Miller, II
Robert H. Miller, II (WVSB # 6278)
THE SUTTER LAW FIRM, PLLC
1598 Kanawha Boulevard, East
Charleston, WV 25311
304-343-1514
304-343-1519 *facsimile*
rmiller@thesutterlawfirm.co,

- and -

/s/ Bernard E. Layne, III
Bernard E. Layne, III (WVSB # 7991)
MANI, ELLIS & LAYNE, PLLC
602 Virginia Street, East #200
Charleston, WV 25301
304-720-1000
304-720-1001 *facsimile*
belayne@mel-law.com