## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

DALTON COOK,

               Plaintiff,

v.                                    CIVIL ACTION NO.  3:21-0174

METAL PARTNERS REBAR, LLC,
d/b/a "Metal Partners International,"
BRG HOLDING, LLC,
d/b/a "Trinity Rebar,"
J&R HOLDING, LLC,
d/b/a "Trinity Rebar,"
TRINITY REBAR AND CONCRETE SUPPLIES, LLC,
d/b/a "Trinity Promotions,"
GLEN JEFFRIES, and
JAMES R. REED,

               Defendants.

### MEMORANDUM OPINION AND ORDER

On March 18, 2021, Plaintiff Dalton Cook filed a Complaint against Metal Partners Rebar, LLC (Metal Partners), BRG Holding, LLC, J&R Holding, LLC, Trinity Rebar and Concrete Supplies, LLC, Glenn Jeffries, and James R. Reed. Plaintiff claims he was injured on March 25, 2019, while working at Defendants' plant located in Winfield, West Virginia. In his Complaint, Plaintiff asserts claims for deliberate intent pursuant to West Virginia Code § 23-4-2(d)(2), negligence, and intentional infliction of emotional distress. Plaintiff also states that this Court's jurisdiction is based upon "damages in excess of the jurisdictional limits of this Court." *Compl*. at ¶17, ECF No. 1.

The Complaint was served upon all Defendants on March 24, 2021, and an Answer deadline was set for April 14, 2021. On April 5, 2021, Plaintiff and all Defendants except Metal Partners and BRG Holding, LLC entered into a stipulation to extend the responsive pleading deadline until June 1, 2021. Receiving no answer from either Metal Partners or BRG Holding, LLC, the Clerk of Court entered default against these Defendants on April 16, 2021. On April 28, 2021, Metal Partners filed a Motion to Set Aside Entry of Default by Clerk. ECF No. 15. Plaintiff opposes the motion. For the reasons stated below, the motion is **GRANTED**.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside entry of default for "good cause shown." Fed.R.Civ.P. 55(c). Whether a default will be set aside rests within the sound discretion of the district court. *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (stating a Rule 55(c) decision "is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court" (internal quotation marks and citation omitted)). In determining whether entry of default should be lifted, this Court is cognizant that defaults are generally disfavored and Rule 55(c) motions should be "liberally construed in order to provide relief from the onerous consequences of defaults[.]" *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417, 421 (4th Cir. 2010) (internal quotation marks and citation omitted). The Fourth Circuit has emphasized that there is a strong preference for merits-based adjudication. Id. at 418. Additionally, the Fourth Circuit has instructed that:

> a district court should consider [1] whether the party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic.

*Payne*, 439 F.3d at 204–05 (citations omitted). In applying these criteria to the present case, the Court finds that the default should be lifted.

Initially, the Court finds that, although Metal Partners only generally stated it had a meritorious defense in its original briefing, when challenged by Plaintiff, Metal Partners explained in its Reply that it intends to contest subject matter jurisdiction because the parties lack diversity of citizenship as required by 28 U.S.C. § 1332.[1] Clearly, such a challenge would present a meritorious defense. Therefore, the Court finds the first consideration weighs in favor of Metal Partners.[2]

Next, the Court considers Metal Partners' personal responsibility in the default being entered and whether it acted with reasonable promptness in requesting the default be lifted. The parties agree that, when this action was filed, Metal Partners was in bankruptcy which required a limited lifting of the automatic stay. The parties dispute, however, the scope of their conversations regarding this case. Metal Partners represents it believed that the case could be resolved without court intervention. Obviously mistaken, the onus fell on Metal Partners to timely file a responsive pleading, and it bears responsibility for its failure. Nevertheless, the Court finds, once the default was entered, Metal Partners acted with reasonable promptness and moved to set aside the default within twelve days of it being entered and within nine days of being served. Thus, the Court finds its subsequent promptness weighs in favor of Metal Partners.

---

[1] Section 1332(a)(1) provides, in part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States[.]"

[2] To be clear, however, the Court is not ruling on the actual merits of the defense itself as such a ruling would be premature.

Likewise, the Court finds that the remaining three factors weigh in favor of Metal Partners. As it remains early in this case and no discovery has occurred, Plaintiff will suffer little prejudice if this case proceeds. Additionally, there is no other history of Metal Partners acting dilatory with regard to this case, and the Court finds there are less drastic sanctions available, such as awarding attorneys' fees and costs associated with opposing this motion, that are conceivable under the circumstances.

Accordingly, despite Metal Partners' responsibility in failing to file a timely responsive pleading, the other factors weigh in its favor. When taking these factors in light of the fact that defaults are disfavored and that a resolution on the merits is preferred, the Court **FINDS** the default should be lifted. Therefore, the Court **GRANTS** Metal Partners' motion and **LIFTS** the default against it.[3] The Court further **DIRECTS** Metal Partners to file a responsible pleading **on or before June 8, 2021**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:          June 2, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3]This decision does not alter the default entered against BRG Holding, LLC.

-4-